**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SEIICHI OKU,                         )
                                      )
        *Plaintiff,*          )
                                        )    No. 19 C 7673
                                        )
        v.                   )    Judge Virginia M. Kendall
                                        )
OYSTER GASTON5, LLC, GEN  )
SHIBAYAMA, MT SLS HOLDINGS  )
LLC, MONTANA BB HOLDINGS  )
LLC, MONTANA C62 HOLDINGS  )
LLC, MONTANA GUARDS RED  )
LLC, and MT 458 HOLDINGS LLC  )
                                        )
        *Defendants.*       )

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion to Vacate Default Judgment and Motion for Leave to File Late Filed Original Answer and Affirmative Defenses. (Dkts. 21, 23). Defendants argue that they have a legitimate defense to the suit and did not respond due to excusable neglect. (Dkt. 21. at 1). Because Defendants cannot show good cause, the Court denies Defendants' Motions.

## BACKGROUND

On November 20, 2019, Plaintiff Seiichi Oku filed his lawsuit against Defendants. (Dkt. 1). The lawsuit brought claims for a breach of a promissory note and a related guaranty and forbearance agreement, fraudulent inducement, and alternative claims for promissory estoppel and unjust enrichment. (*Id.*). Oku issued summons to the Defendants and their answers were due between January 7 and

January 21, 2020. (Dkts. 8-14). On January 27, 2020, Oku moved for entry of default and for default judgment. (Dkt. 16). The Court heard arguments on the motion for entry of judgment and default judgment and subsequently granted the motion on January 30, 2020. (Dkt. 18). On February 27, 2020, Defendants moved to vacate the default judgment. (Dkt. 21). Defendants argue that they have a meritorious defense because the Complaint omitted certain payments Defendants made to Plaintiffs on the Note. (*Id.* at 2). They further argue that granting the motion to vacate will not prejudice the Plaintiff as they are willing to progress to trial quickly through expedited discovery. (*Id.*). Defendants argue their failure to answer the suit was due to excusable neglect since they had been engaging in good faith settlement negotiations with Plaintiff and they "were mistaken about the status of these negotiations and whether they would affect the need to appear in the lawsuit." (*Id.* at 3). Finally, Defendants argue that they did not have sufficient notice because the Court entered a docket entry granting the motion for default and entered the judgment on the same day. (*Id.* at 4).

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Relief from a final judgment may be granted pursuant to Rule 60(b) under exceptional circumstances, and courts have characterized the district court's considerable latitude in making its decision as "discretion piled on discretion." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (citing *Swaim v. Moltan Co.*, 73 F.3d 711,

722 (7th Cir.1996)). Rule 60(b)(1) permits relief from judgment on ground of "mistake, inadvertence, surprise, or excusable neglect." *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004). To receive relief from default under either rule, defendants bear the burden of establishing: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Wehrs*, 688 F.3d at 890. This test "establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). The elements for relief under Rules 55(c) and 60(b) are substantially the same but the standards are applied more stringently when considering a Rule 60(b) motion. *See Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368 (7th Cir. 1983). Although the Court considers the well-established principal of favoring a trial on the merits over a default judgment, relief from a judgment under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009); *see also McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000).

## DISCUSSION

Defendants cannot establish good cause and therefore cannot meet the first step of the Rule 60(b) analysis. *See Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 861 (7th Cir. 2016) (movant cannot satisfy its burden to show that the default judgments should be set aside where it could not establish good cause for the defaults); *Pretzel & Stouffer, Chtd. v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir.

3

1994) ("Imperial failed to clear the first hurdle when it did not show good cause for its default. This would have been sufficient basis to refuse to vacate Imperial's default ....").

The only excuse Defendants offer for their failure to timely appear is that they were mistaken about the status of settlement negotiations and whether that would affect the need to appear in the lawsuit. However, as Plaintiffs correctly point out, this is not a good cause for default. *Simon v. Pay Tel Mgmt., Inc.*, 782 F. Supp. 1219, 1225 (N.D. Ill. 1991), aff'd, 952 F.2d 1398 (7th Cir. 1992) (stating that in "relying on the mere existence of settlement negotiations as abrogating their responsibilities to the Court, defendants failed to protect their own interests in this litigation.") The only other excuse the Defendants posit is contained in Gen. Shibayama's declaration, which states "my failure to answer the complaint was due to my own misunderstanding. I was under the impression that my representative Nathaniel Lounsbury was continuing to negotiate an amended payment plan with Plaintiff Mr. Oku's counsel." (Dkt. 21-1 at ¶ 4). However, as Plaintiffs once again correctly point out, "lack of communication between attorney and client [is] not a basis for showing of good cause in this context." *Pretzel & Stouffer, Chartered*, 28 F.3d at 45 (citing *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1207 (7th Cir. 1984). Counsel for Defendants have a duty to their clients to litigate their case fully; accordingly lack of communication and confusion on settlement are not acceptable excuses. It is unclear how settlement discussions could confuse Defendants; in fact, if Plaintiffs and Defendants were in communication, it makes Defendants failure to

answer the lawsuit even more extreme since they should have known that Plaintiffs were taking this lawsuit seriously.

Defendants argue that they were deprived of the opportunity to act upon notice of the motion for default and before the entry of judgment because the Court entered a docket entry granting the motion for default and then entered the judgment that same day. The Court followed proper procedure. Defendants do not cite to case law for the proposition that they require notice between a motion for default and the entry of judgment and the Court can find none. There are cases that support the Court's actions, however. *U.S. v. Minson*, 13 Fed. App'x. 416, 417 (7th Cir. 2001) (affirming judgment where motion for entry of default and default judgment entered on same day);

Finally, Defendants cannot show they took quick action to set aside the default judgment, having waited four weeks after its entry to file its motion to vacate. The Courts have denied motions to vacate after three weeks, *Sullivan v. Gen. Plumbing, Inc.*, No. 06 C 2464, 2007 WL 1030236, at *4 (N.D. Ill. Mar.31, 2007), and found that even being in solitary confinement did not excuse a delay of more than four weeks when a defendant failed to take quick action. *Phipps*, 39 F.3d at 165; *see also Tygris Asset Finance, Inc. v. Szollas*, 2010 WL 2610652, *3 (N.D. Ill. June 21, 2010) (collecting cases where "quick action" has failed). As the Seventh Circuit has stated:

> Whether responding more than a month after the entry of a default judgment is 'quick action' depends, quite clearly, on the particular circumstances of the defaulted defendant. If, for instance, the defendant (through no fault of his or her own) did not even become aware of the default judgment until one month

5

> (or six months) after its entry, maybe trying to vacate the judgment at that late date would be quick enough to satisfy the standard

*Phipps*, 39 F.3d at 165. Here, Defendants do not dispute they became aware of the default judgment by, at the latest, January 31, 2020, the day after it was entered. They have no possible excuse for their lack of quick action.

The Court also declines to amend its judgment. "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *Id.* Upon default, the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir.1989); *accord* 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688, at 58–59 (3d ed. 1998 & Supp.2012) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, "[d]amages must be proved unless they are liquidated or capable of calculation." *Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246, 253 (7th Cir.1990). Plaintiff filed an affidavit indicating the amount owed, the Court heard oral argument on the amount, and the Court entered damages accordingly.

## CONCLUSION

Because the Defendants cannot show excusable neglect or quick action, the Court denies their Motion to Vacate Judgment. [Dkt. 21]. Accordingly, their Motion for Leave to File Late Original Answer and Affirmative Defenses [Dkt. 23] is also denied.

_____
Virginia M. Kendall
United States District Judge

Date: September 28, 2020

7